# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

VICTOR T. BUDELL,)
)
        Petitioner,)
   v.)  Civil Action
)  No. 05-3093-CV-S-RED-H
)
JOSEPH E. GUNJA, Warden,[1])
)
        Respondent.)

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges conditions of his confinement. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the petition is not properly before this Court, and because petitioner has failed to exhaust administrative remedies, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he has been eligible for a conditional release from his inpatient commitment for several years. He asserts, additionally, that exhaustion of administrative remedies would be futile.

A review of the file and records in the case indicates that petitioner was found not guilty by reason of insanity on federal charges and was committed to the custody of the Attorney General,

---

[1] The name of the current warden at the Medical Center has been substituted for that of the former warden.

1

pursuant to 18 U.S.C. § 4243(e) by the United States District Court, District of Montana, in 1990. Petitioner is currently incarcerated at the Federal Medical Center in Rochester, Minnesota. He alleges that he is being wrongfully held in custody because he is mentally stable, he no longer presents a danger to himself or the community, and conditions can be set by the Court that would ensure his safety and the safety of the community.

The law allows for the indefinite confinement of a § 4243 inmate, unless it is established, by clear and convincing evidence, that his release would not create a substantial risk of bodily injury to another person or serious damage to the property of another due to his mental disease. Regardless of petitioner's assertions, the law is clear that issues relating to conditional release under 18 U.S.C. § 4243 must be resolved by the committing court. Archuleta v. Hedrick, 365 F.3d 644 (8th Cir. 2004). Further, although petitioner has fully litigated this issue on previous occasions, he has failed to exhaust administrative remedies in this case. Accordingly, it must be recommended that the petition herein for writ of habeas corpus be dismissed without prejudice.

The Office of the Federal Public Defender has filed a Motion to Withdraw in this case in accordance with Rule 11 of the Federal Rules of Civil Procedure and Rule 4-3.1 of the Missouri Supreme Court Rules of Professional Conduct. The motion states that, based on professional judgment, there is no basis in law to support the petition. The Court finds the motion to be well-taken and will therefore grant the Motion to Withdraw.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the petition herein for a writ of habeas corpus be dismissed without prejudice. It is further

ORDERED that the Motion to Withdraw by the Office of the Federal Public Defender be, and it is hereby, granted.

       /s/ James C. England
       JAMES C. ENGLAND, Chief
       United States Magistrate Judge

Date: 1/12/07